UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARK KERLEY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )   Case No. 4:11-CV-1633 (CEJ) |
| STEPHEN MELCHER, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to strike affirmative defenses or, in the alternative, for a more definite statement. Defendant has filed a response in opposition to the motion.

Plaintiff Mark Kerley brings this action alleging that, while employed by defendant Stephen Melcher, he was injured while using a table saw. Defendant filed an answer and asserted various affirmative defenses. Plaintiff moves to strike defendant's second, third and fifth defenses. After the motion was briefed, plaintiff filed an amended complaint. In his answer to the amended complaint, defendant changed his second affirmative defense, and thereby mooting plaintiff's motion with respect to this defense.

Defendant's third and fifth affirmative defenses remain unchanged and state:

3. Plaintiff's complaint fails to state a claim upon which relief may be granted.

5. Plaintiff's action is barred in that defendant owed no legally cognizable duty to plaintiff under the facts and circumstances presented.

**Discussion**

Rule 12(f), Fed.R.Civ.P., states: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Although courts enjoy "broad discretion" in determining whether to strike a party's pleadings, such an action is "an extreme measure" and motions to strike are "viewed with disfavor and are infrequently granted." Stanbury Law Firm v. IRS, 221 F.3d 1059, 1063 (8th Cir. 2000) (internal quotations and citations omitted). Motions to strike are generally disfavored "because they are often interposed to create a delay." Van Schouwen v. Connaught Corp., 782 F.Supp. 1240, 1245 (N.D. Ill. 1991).

> Indeed, motions to strike can be nothing other than distractions. If a defense is clearly irrelevant, then it will likely never be raised again by the defendant and can be safely ignored. If a defense may be relevant, then there are other contexts in which the sufficiency of the defense can be more thoroughly tested with the benefit of a fuller record -- such as on a motion for summary judgment.

Id.

In ruling on a motion to strike, the Court "must view the pleadings in the light most favorable to the pleader." Cynergy Ergonomics, Inc. v. Ergonomic Partners, Inc., 2008 WL 2817106 *2 (E.D. Mo. July 21, 2008) (quoting Multimedia Patent Trust v. Microsoft Corp., 525 F. Supp. 2d 1200, 1211 (S.D. Cal. 2007)). A motion to strike an affirmative defense should not be granted "unless, as a matter of law, the defense cannot succeed under any circumstances or is immaterial in that it has no essential or important relationship to the claim for relief." Id. (quoting Federal Deposit Ins. Corp. v. Coble, 720 F.Supp. 748, 750 (E.D. Mo. 1989)). A motion to strike should not succeed unless the party shows that it is prejudiced by the inclusion of a defense or that a defense's inclusion confuses the issues. Id. "The prejudice requirement is satisfied if striking the defense would, for example, prevent a party from engaging in

burdensome discovery, or otherwise expending time and resources litigating irrelevant issues that will not affect the case's outcome." Id.

Here, it cannot be said that defendant's affirmative defenses cannot succeed under any circumstances, nor is it appropriate to label them as immaterial or nonessential to any claim for relief.  Further, plaintiff has failed to establish that he is prejudiced by the inclusion of the defenses and the motion to strike will be denied.

Plaintiff's alternative motion for a more definite statement is governed by Rule 12(e), Fed.R.Civ.P., which states, "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."

A motion for more definite statement is proper when a party is unable to determine the issues that must be met, or where there is a major ambiguity or omission in the pleading that renders it unanswerable. Tinder v. Lewis Cnty. Nursing Home Dist., 207 F. Supp. 2d 951, 959 (E.D. Mo. 2001).  However, because of the availability of extensive discovery and liberal notice pleading, motions for a more definite statement are generally disfavored. Id.  "Motions for more definite statement are designed to strike at unintelligibility rather than lack of detail in the [pleading]." Id. at 960.  The motion is not to be used to test an opponent's case by requiring him to allege specific facts, nor is it to be used as a substitute for discovery in trial preparation. Id.  Defendant's affirmative defenses are not ambiguous or unintelligible.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to strike affirmative defenses [Doc. #14] is **denied**.

**IT IS FURTHER ORDERED** that plaintiff's alternative motion for a more definite statement [Doc. #14] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 28th day of February, 2012.